

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

November 13, 2006

**FILED**
NOV 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DELIVERED BY FAX & HAND

James Benny Jones, Esquire
616 E Street NW
Suite 1149
Washington, D.C. 20004

Let this be filed.
Royce C. Lamberth
U.S.D.J. 11/17/06

Re: <u>United States v. Diane Kim</u>, 06-203 (RCL)

Dear Mr. Jones:

This letter sets forth the full and complete plea offer to your client, Ms. Diane Kim. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on November 15, 2006. Upon receipt, the executed letter will itself become the plea agreement. All prior agreements between the United States and your client regarding this matter will be superceded by this agreement. The terms of the offer are as follows:

1.   Charges: Ms. Kim agrees to waive Indictment and plead guilty to the one count Information previously filed in the United States District Court for the District of Columbia in the matter captioned: *United States v. Diane Kim, 06-203 (RCL)*, charging her with violating 18 U.S.C. § 666(a)(1)(A) (obtaining funds by stealing from a program receiving federal funds). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Kim and will be entered in accordance with Federal Rule of Criminal Procedure 11. Ms. Kim agrees that the "Statement of the Offense" previously signed by her and filed with the Court fairly and accurately describes Ms. Kim's actions and involvement in the offense. It is anticipated that during the Rule 11 plea hearing, Ms. Kim will adopt the previously signed Statement of the Offense as a written proffer of evidence.

2.   Potential penalties, assessments, and restitution: Ms. Kim understands that the maximum sentence that can be imposed for violating 18 U.S.C. 666 is 10 years of imprisonment, a fine of $250,000, a $100 special assessment, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not

1

timely made. Notwithstanding the maximum sentence, Ms. Kim understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2005) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Kim understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court.

    3.    Federal Sentencing Guidelines: The parties agree that the following Sentencing Guideline sections apply:

| | | |
|---|---|---|
| § 2B1.1(a) | Base Offense Level | 6 |
| § 2B1.1(b)(1) | Loss amount more than $30,000 | 6 |
| Total | | 12 |
| § 3E.1.1 | Acceptance of Responsibility | -2 |
| Total | | 10 |

    In the event that this plea offer is either not accepted by Ms. Kim or is accepted by Ms. Kim but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

    4.    Sentence: Pursuant to Rule 11(c)(1)(C), the parties will ask the Court to impose a sentence of probation. In addition, the parties agree that Ms. Kim will pay restitution in the base amount of $37,388.89, not including post-sentencing interest on any such amount or credit for amounts that can be demonstrated to the Court that has been paid to the victim, the National Indian Health Board by Ms. Kim. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this condition of the plea agreement between the parties to the Court for its approval. If the Court accepts the sentence of probation and the restitution amount, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure. The parties understand, however, that, in light of other factors, the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Ms. Kim understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford her an opportunity to withdraw the plea, or if she persists in the guilty plea, will inform your client that a final disposition may be less favorable to her than that contemplated by this agreement. The parties understand that this sentence may be either higher or lower than the Federal Sentencing Guideline range as calculated by the United States Probation Office. Nevertheless, the parties agree that they will recommend to the Court that, pursuant to Federal Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept the agreed-upon sentence.

5. Financial Arrangements: Ms. Kim agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Ms. Kim also agrees to pay restitution of $37,388.89 including post-sentencing interest to the National Indian Health Board, or, at a minimum, have made arrangements for such payment pursuant to an agreement of the parties consistent with the provisions of paragraph 12, below. Finally, Ms. Kim agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

6. Government Concessions: In exchange for her guilty plea, the government agrees not to oppose Ms. Kim's release pending sentencing, agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and agrees not to oppose a probationary sentence provided that Ms. Kim continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Kim in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Kim does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Kim.

7. Bond Conditions: Ms. Kim understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

8. Reservation of Allocution: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Kim's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. Breach of Agreement: Ms. Kim agrees that if she fails to comply with any of the

provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Kim should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Kim's release (for example, should Ms. Kim commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Kim's offense level or justify an upward departure – examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court – the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Kim will not have the right to move to withdraw the guilty plea; (c) Ms. Kim shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Kim, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Kim has breached this agreement, and if Ms. Kim so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

10. **Statute of Limitations Waiver**: Any prosecutions of the defendant arising out of the conduct that is the subject of the Information in this case that are not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Ms. Kim knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

11. **USAO-DC's Federal Major Crimes Bound**: Ms. Kim understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Kim.

12. **Complete Agreement**: All prior agreements between the parties are void and unenforceable. Besides this instant agreement, no other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Kim, Ms. Kim's counsel, and an Assistant United States

Attorney for the District of Columbia with authority to act on behalf of the United States Attorney.

If the foregoing terms and conditions are satisfactory, Ms. Kim may indicate her assent by signing the agreement in the space indicated below and returning the original to us once it has been signed by Ms. Kim and her counsel.

Sincerely yours,

_____
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
ANTHONY M. ALEXIS
ASSISTANT U.S. ATTORNEY

I have read this plea agreement and have discussed it with my attorney, James Benny Jones. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 11/17/2006

_____
Diane Kim
Defendant

    I have read each page of this plea agreement, reviewed them with my client, Diane Kim, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 11/17/2006

James Benny Jones
Attorney for Diane Kim